**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| **JIMMY VINSON, Individually and For Others Similarly Situated,** | **Case No. 3:21-cv-00216** |
| **v.** | **JURY TRIAL DEMANDED** |
| **STRATEGIC CONTRACT RESOURCES, LLC** | **COLLECTIVE ACTION** |

## COMPLAINT

### SUMMARY

1.      Strategic Contract Resources, LLC (SCR) failed to pay Jimmy Vinson (Vinson) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2.      Instead, SCR paid Vinson and other hourly employees like him less than time and a half for hours worked in excess of 40 in a workweek.

3.      Vinson brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6.      Vinson primarily worked for SCR in Sweeny, Texas, in this District and Division.

### THE PARTIES

7.      During the relevant period, Vinson was an hourly employee of SCR.

8.      Throughout his employment with SCR, Vinson was paid his straight time hourly rate for all hours up to 40 and then a slightly higher rate for all hours worked in excess of 40 in a single workweek.

9.      His written consent is attached herein as Exhibit A.

10.     Vinson brings this action on behalf of himself and other similarly situated workers who were paid less than time and half for overtime by SCR.

11.     The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees of SCR during the past 3 years who were staffed to chemical and power plants and paid less than time and for overtime (the "Putative Class Members").**

12.     Vinson seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

13.     SCR is a Georgia limited liability company who provides services throughout the United States.

14.     SCR may be served with process by serving its registered agent, Jerome Robinson, 5655 Lake Acworth Dr., Suite 240, Acworth, Georgia, 30101.

## COVERAGE UNDER THE FLSA

15.     At all times hereinafter mentioned, SCR was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.     At all times hereinafter mentioned, SCR was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17.     At all times hereinafter mentioned, SCR was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18.     SCR has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

19.     At all times hereinafter mentioned, Vinson and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

20.     SCR is an international supplier of personnel to the Oil & Gas, Petrochemical, Power, LNG, and renewable energy industries.

21.     In order to provide services to its clients, SCR hires employees it pays on an hourly basis.

22.     Vinson worked for SCR as a Health, Safety, and Environment (HSE) Specialist.

23.     Vinson conducted inspections and performed quality assurance.

24.     Vinson was staffed by SCR to Chevron Phillips at petrochemical plants in Sweeny, Texas; Baytown, Texas; and Port Arthur, Texas.

25.     Vinson was paid roughly $109 an hour for every approved hour worked up to 40 hours in a workweek.

26.     Vinson was pay $120 an hour for every approved hour worked over 40 hours in a workweek.

27.     Vinson was employed by SCR from June 2015 until April 2019.

28.     Vinson was an hourly employee of SCR.

29.     Vinson was not paid a guaranteed salary.

30.     Vinson reported the hours he worked to SCR on a regular basis.

31.     If Vinson worked under 40 hours, he was only paid for the hours he worked.

32.     For example, if Vinson worked 35 hours in a workweek, he would only be paid his straight time rate for all 35 hours.

33.     But Vinson would regularly work more than 40 hours in a week.

34.     In fact, Vinson routinely worked 60 or more hours a week.

35.     The hours Vinson worked are reflected in SCR's payroll records.

36.     SCR did not pay Vinson overtime for all hours worked in excess of 40 hours in a single workweek.

37.     Rather than receiving time and half as required by the FLSA, Vinson only received a rate slightly higher than his straight time rate for overtime hours worked.

38.     This payment scheme violates the FLSA.

39.     Vinson was not paid on a salary basis.

40.     Any purported salary by SCR was not reasonably related to what Vinson actually earned.

41.     SCR was aware of the overtime requirements of the FLSA.

42.     SCR has been subject to a collective action alleging similar violations which are alleged by Vinson.

43.     SCR nonetheless failed to pay certain hourly employees, such as Vinson, overtime.

44.     Vinson and the Putative Class Members perform job duties in furtherance of the chemical, energy, and oil and gas industry business sectors and are subjected to similar compensation practices.

4

45.     Vinson and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

46.     Vinson and the Putative Class Members regularly worked in excess of 40 hours each week.

47.     SCR did not guarantee Vinson and the Putative Class Members a salary.

48.     SCR paid Vinson and the Putative Class Members less than time and a half for hours worked in excess of 40 in a single workweek.

49.     SCR failed to pay Vinson and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

50.     SCR knew, or acted with reckless disregard for whether, Vinson and the Putative Class Members were paid in accordance with the FLSA.

51.     SCR's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

52.     The illegal pay practices SCR imposed on Vinson were imposed on the Putative Class Members.

53.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

54.     Numerous other individuals who worked with Vinson were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

55.     Based on his experiences and tenure with SCR, Vinson is aware that SCR's illegal practices were imposed on the Putative Class Members.

56.     The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

57.     SCR's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

58.     Vinson's experiences are therefore typical of the experiences of the Putative Class Members.

59.     The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

60.     Vinson has no interests contrary to, or in conflict with, the Putative Class Members.

61.     Like each Putative Class Member, Vinson has an interest in obtaining the unpaid overtime wages owed under federal law.

62.     The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by SCR.

63.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

64.     Absent a collective action, many Putative Class Members will not obtain redress of their injuries and SCR will reap the unjust benefits of violating the FLSA.

65.     Furthermore, even if some Putative Class Members could afford individual litigation against SCR, it would be unduly burdensome to the judicial system.

66.     If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to SCR, and to the Court.

67.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

68.     The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

        a.      Whether SCR required Vinson and the Putative Class Members to work more than 40 hours during individual work weeks;

        b.      Whether SCR's decision to pay Vinson and the Putative Class Members less than time and a half for overtime was made in good faith;

        c.      Whether SCR paid Vison and the Putative Class Members on a salary basis;

        d.      Whether SCR failed to pay Vinson and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

        e.      Whether SCR's violation of the FLSA was willful; and

        f.      Whether SCR's illegal pay practices were applied to Vinson and the Putative Class Members.

69.     Vinson and the Putative Class Members sustained damages arising out of SCR's illegal and uniform employment policy.

70.     Vinson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

71.     Vinson will fairly and adequately represent and protect the interests of the Putative Class Members.

72.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts or the method of calculating damages for the entire Putative Class. Therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION

73.     By failing to pay Vinson and the Putative Class Members overtime at one-and-one-half times their regular rates, SCR violated the FLSA's overtime provisions.

74.     SCR owes Vinson and the Putative Class Members overtime pay at the proper overtime rate.

75.     Because SCR knew, or showed reckless disregard for whether, its pay practices violated the FLSA, SCR owes these wages for at least the past three years.

76.     SCR is liable to Vinson and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

77.     Vinson and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

78.     Vinson demands a Jury trial.

### PRAYER

79.     Vinson prays for relief as follows:

      a.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

      b.     A judgment finding SCR liable to Vinson and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

      c.     An order awarding attorneys' fees, costs, expenses, and judgment interest; and

      d.     An award of such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

By: /s/ Michael A. Josephson

**Michael A. Josephson**
Fed. ID No. 27157
Texas Bar No. 24014780
**Andrew W. Dunlap**
Fed. ID No. 1093163
Texas Bar No. 24078444
**Richard M. Schreiber**
Fed. ID No. 705430
Texas Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
mjosephson@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE OF
PLAINTIFFS AND THE PUTATIVE
CLASS MEMBERS**